BERNARD H. PORTER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Porter v. Commissioner
Docket No. 7440-70.
United States Tax Court
T.C. Memo 1974-292; 1974 Tax Ct. Memo LEXIS 29; 33 T.C.M. (CCH) 1365; T.C.M. (RIA) 740292; November 18, 1974, Filed. Bernard H. Porter, pro se. John O. Tannenbaum, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent determined deficiencies in petitioner's income tax for the years 1966 and 1967 in the amounts of $2,480.18 and $2,161.56, respectively. The issues for decision are: (1) Whether petitioner is entitled to deductions for business losses *30 in the amounts of $9,712.89 for 1966 and $9,009.72 for 1967; (2) whether petitioner is entitled to deductions of $600 as personal exemptions for his wife in both years; and (3) whether petitioner may claim standard deductions in the amount of $500, which he claims his wife was entitled to, for both years. FINDINGS OF FACT Petitioner, Bernard H. Porter, filed individual income tax returns for the years 1966 and 1967, apparently in Alabama. Petitioner resided in Huntsville, Ala., at the time the returns were filed. Petitioner apparently resided in Maine at the time the petition herein was filed. This case was called for trial in Boston, Mass., September 30, 1974. Petitioner's tax returns for 1966 and 1967 were filed in his name only and were signed by him alone. On these returns he reported income from wages, interest, and other sources totaling $12,703.70 for 1966 and $11,436.13 for 1967. He also reported gross receipts from a business activity designated as "consulting information/books" in the amount of $469.12 for 1966 and $126.13 for 1967. After deducting business expenses claimed on the returns he reported net losses from the business in the amount of $9,712.89 for *31 1966 and $9,009.72 in 1967. He computed his tax liability for each year from the tax table for married couples filing joint returns. On September 14, 1970, respondent mailed a notice of deficiency to petitioner alone in which he disallowed the deductions claimed for business losses in the amounts reported on petitioner's returns for both years for the reason that petitioner had not furnished evidence to support the correctness of the claimed amount, and also computed petitioner's tax liability on the basis of a married person filing separate returns. Respondent also disallowed the deduction of a personal exemption for petitioner's wife because petitioner had not furnished evidence that his wife had no gross income in the years 1966 and 1967. A timely petition was filed in this Court December 2, 1970, in the names of, and signed by, both petitioner and his wife. This Court granted respondent's motion to dismiss as to Margaret Porter because the notice of deficiency was directed to petitioner alone. Petitioner appealed this ruling to the Court of Appeals for the Fifth Circuit, which dismissed the appeal for lack of jurisdiction. The case was set for trial in Alabama in 1972 *32 and 1973 but was continued on petitioner's motions. The Court granted petitioner's motion to change the place of trial from Alabama to Boston, Mass., in 1973. Petitioner filed various documents from time to time complaining that respondent had overlooked tax refunds for years prior to 1966 and 1967 to which he was entitled, and that respondent had not afforded petitioner administrative conferences to discuss his tax liability. When this case was called for trial in Boston September 30, 1974, petitioner again moved for a continuance, which the Court denied. OPINION Petitioner represented himself at the trial of this case and was also the only witness. The only evidence offered by petitioner was various letters between petitioner and certain firms, colleges and individuals, and several receipts from another individual, purporting to prove that the correspondents owed petitioner and his wife various sums of money totaling over $18,000 which they had failed to pay, and petitioner's testimony that his wife was a housewife in 1966 and 1967 and had less than $600 of gross income in each of those years. Respondent objected to the introduction of the documentary evidence on the *33 grounds of materiality, relevance, hearsay, and the best evidence rule. Because petitioner was appearing pro se and had no other evidence to offer, the Court received petitioner's documentary evidence, subject to respondent's motion to strike. It appears from examination of petitioner's documentary evidence that most of it is objectionable on one or another of the grounds relied upon by respondent. In addition, the documents are not sufficient to carry petitioner's burden of proving error in respondent's disallowance of petitioner's claimed business losses in 1966 and 1967, even if such documents were admissible in evidence. It would serve no useful purpose to discuss petitioner's evidence at length. Mention of a few items can be used to illustrate the inadequacy of the evidence to support petitioner's case. The first group of documents offered consisted of correspondence and affidavits of petitioner and his wife relative to their claim against the College of Advanced Science for $1,560 for services rendered in 1961 which was not paid. There is no evidence that the college acknowledged the debt or that it became worthless in 1966 or 1967. Furthermore, petitioner testified *34 that neither he nor his wife had ever included these amounts in their taxable income. Another group of papers relate to claims against book distributors for amounts petitioner says were owed him for books of his which the distributors took to sell during the years 1963 through 1965. Again, there is no acknowledgment of the claims nor any evidence of when they became worthless. Petitioner never reported income from these transactions. A third group of papers offered by petitioner appear to be originals of two complaints purportedly filed with the Federal Trade Commission by petitioner and his wife against two companies, one for unpaid rent, and the other for materials plagiarized from petitioner's books without payment. There is no indication that these complaints were actually filed, why complaints like this filed with the Federal Trade Commission would prove an indebtedness, when the claims arose, or what petitioner's business was at the time. Petitioner admitted that he had never included the unpaid rent or royalties in taxable income. A fourth group of documents consists of purported receipts from one Finlay for funds advanced to him by petitioner in 1964 and 1965 which *35 petitioner testified were not repaid. Petitioner explained that Finlay was a writer to whom he advanced funds for rewriting manuscripts. The receipts are not signed, but the name Authur Finlay is typed at the bottom of each receipt followed by handwritten initials "A. F." Petitioner testified the writer's name was Arthur Finlay. Petitioner also testified that he made no particular effort to determine when any of these claims became worthless; he simply claimed approximately one-half of them as deductions in 1966 and one-half in 1967, or something over $9,000 in each year. However, the business losses claimed on petitioner's returns, which were disallowed by respondent, consisted of only $5,860 of bad debts in 1966 and $4,989.55 in 1967, the remainder of the expenses claimed being for cost of goods sold, rent, professional fees, etc. Petitioner has clearly failed to carry his burden of proof that respondent erred in disallowing the deductions for business losses in both 1966 and 1967, whether we receive petitioner's documentary evidence or not. In fact, we suspect that much of that evidence was manufactured for the occasion. The returns for both 1966 and 1967 were filed *36 by petitioner as an individual. He claimed personal exemptions for both himself and his wife. He apparently determined the tax due from the tax table under the column headed "a married couple filing jointly" with two exemptions. Respondent determined that petitioner's tax should be computed as a married person filing a separate return. This resulted in the disallowance of $500 as a standard deduction for petitioner's wife. Respondent also determined that petitioner was entitled to only one personal exemption, thus disallowing a $600 deduction each year. We have no evidence, or even explanation, of why petitioner filed his returns individually rather than jointly with his wife; nor have we any evidence of the wife's income other than petitioner's self-serving testimony that his wife had gross income of less than $600 in each year. We do not know whether petitioner's wife filed separate returns. There is no question that petitioner's tax for the years 1966 and 1967 should have been computed as a married individual filing a separate return because that is what he did. This does not allow him his wife's standard deduction. Sec. 141, I.R.C. 1954. While petitioner would be entitled *37 to deductions each year for a personal exemption for his wife, even though a joint return was not filed, if his wife had no gross income and was not the dependent of another, sec. 151(b), I.R.C. 1954, we cannot accept petitioner's uncorroborated testimony as sufficient evidence to carry his burden of proving error in respondent's disallowance of the deduction. Of course, petitioner's claim for refunds for overpayment of taxes for prior years cannot be considered in this proceeding. Sec. 6214(b), I.R.C. 1954. Decision will be entered for the respondent.